

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROCCO A. BEARDSLEY,

Petitioner,

v.

JAMES E. CROWELL,

Respondent.

**ORDER**

16-CV-0259 EAW

---

ROCCO A. BEARDSLEY,

Petitioner,

v.

JAMES E. CROWELL,

Respondent.

**ORDER**

16-CV-0260 EAW

---

## INTRODUCTION

Rocco A. Beardsley ("Petitioner"), a prisoner detained at the Chautauqua County Jail, has filed one petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (16-CV-00259) and another pursuant to 28 U.S.C. § 2254 (16-CV-00260) challenging four on-going criminal proceedings. Petitioner has also moved for the appointment of counsel. (16-CV-00259 Dkt. 5; 16-CV-00260 Dkt. 6).

-1-

## DISCUSSION

Petitioner indicates that three of the criminal proceedings he challenges have only recently resulted in convictions. (16-CV-0260 Dkt. 1 at 1-3, 22). The fourth has not yet resulted in a conviction, and Petitioner is a pretrial detainee.[1] (16-CV-0259 Dkt. 1 at 1). The Court will deem the proceeding relating to his pre-trial detention, brought under 28 U.S.C. § 2241, as a proceeding under 28 U.S.C. § 2254. (16-CV-0259). According to the Second Circuit, the proper mechanism to challenge an incarceration pursuant to a state court judgment is 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-78 (2d Cir. 2003). In situations such as this, where Plaintiff erroneously brings a claim under § 2241, the district court must convert the § 2241 petition to a § 2254 petition. *See id.*

Before converting the § 2241 petition to a § 2254 petition, the Court must first give the Petitioner notice of its intent to convert the petition. *See id.* at 282. This gives the Petitioner the opportunity to withdraw his petition without prejudice, which is particularly important in light of the restrictions placed on a § 2254 petition by 28 U.S.C.

---

[1]     The Court notes but makes no finding as to the following. First, petitioner indicates in 16-CV-259 that he is a pretrial detainee. (Dkt. 1 at 1). He then indicates that the criminal docket numbers of the cases he is challenging include 16-81738, 16-81739, 15-78864 and 15-80378. He indicates in 16-CV-0260 that he is challenging 15-78864 and 14-76308. (Dkt. 1 at 1). But he then indicates that the appeals of the criminal action he challenges in 16-CV-260 are the same case numbers as the case numbers listed above in 16-CV-259. (16-CV-260 Dkt. 1 at 2, 3). Therefore, Petitioner appears to be challenging previous convictions, in addition to the criminal action for which he indicates that he is currently held as a pretrial detainee. A petitioner may not challenge more than one conviction in one petition. Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e).

§ 2244(b). 28 U.S.C. § 2244(b) ("A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed."); *see Cook*, 321 F.3d at 282 ("[C]onverting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 . . . could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim."); *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 [§ 2254's federal equivalent] unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."). Therefore, unless Petitioner chooses to withdraw the petition originally filed under 16-CV-0259, the petition will be converted to one brought under § 2254.

When actions involve common questions of law or fact, such as these two actions by Petitioner, the Court may consolidate the actions and make any such orders regarding them "to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). While a petition under 28 U.S.C. § 2254 may not challenge more than one conviction, none of Petitioner's convictions is final. Accordingly, Petitioner's two actions shall be consolidated into a single action under file number 16-CV-0259.

-3-

28 U.S.C. § 2254 requires a petitioner for habeas corpus relief to first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). It appears from the face of the petition that Petitioner has not done so. In order to properly exhaust state court remedies, a petitioner must "raise [his] claims through a petition for discretionary review in the State's highest court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citation omitted). A petitioner may exhaust his state court remedies "by invoking one complete round of the State's established appellate review process." *Id.*

Accordingly, it appears the *Younger* abstention doctrine applies here. *Younger v. Harris*, 401 U.S. 37 (1971). "Under *Younger*, federal courts, in the interest of comity, must abstain from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction," *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir.2004), when: "(1) there is a pending state proceeding that would be disrupted by the relief sought in the federal suit; (2) an important state interest is involved; and (3) the proceeding gives the federal plaintiff an adequate opportunity to raise constitutional claims." *HSBC Bank USA, N.A. v. N.Y.C.Comm'n on Human Rights*, 673 F. Supp. 2d 210, 214 (S.D.N.Y. 2009).

Plaintiff's filings in this Court would appear to meet the three-part test for abstention. First, plaintiff has an on-going state court proceeding that would be disrupted by the relief sought in this Court. Second, a criminal prosecution pursuant to state law is an important state issue. Third, the issues that plaintiff is attempting to raise in federal court, including the adequacy of the state criminal procedures, are claims which may be

-4-

raised in state court. *See, e.g., Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Thus, Petitioner must choose from one of the below four options.

While it appears that the petition should be dismissed for Petitioner's failure to exhaust his state court remedies with respect to each of the claims raised, the Second Circuit has held that a federal district court should not *sua sponte* dismiss a federal habeas claim on the basis of procedural grounds, *e.g.*, Petitioner's failure to exhaust, without first providing the petitioner notice of the proposed dismissal and opportunity to be heard in opposition. *See e.g., Acosta v. Artuz*, 221 F.3d 117, 121-24 (2d Cir. 2000). Thus, Petitioner will be given the opportunity to complete a § 2254 Exhaustion Response Form as the fourth of the below four options available to Petitioner.

**First**, Petitioner may choose to file an amended petition which raises **only** those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's consideration all grounds for which such remedies have not been exhausted. The effect of such withdrawal may be that Petitioner will **not** be permitted to raise the withdrawn grounds in a second or successive habeas petition. *See* 28 U.S.C. § 2244(b). If Petitioner chooses to amend his petition, the amended petition must be filed with the Clerk of the Court by **October 6, 2016**.

**Second**, Petitioner may choose to withdraw the entire petition herein to permit him time to exhaust all of the claims. If Petitioner chooses that option, Petitioner may then raise the claims in another petition, which will not be considered a second petition for purposes of § 2244(b) and therefore will not be foreclosed by the second or successive petition requirements of that statute. Petitioner is advised that the applicable

statute of limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review . . . is pending." [1]  28 U.S.C. § 2244(d)(2).

**Third**, Petitioner may ask to stay this petition in order to permit him to exhaust his state court remedies with respect to one or more of his claims for habeas relief.  *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001).  If this petition is a mixed habeas petition containing both exhausted and unexhausted claims, the Court could dismiss the petition. *Id.* at 380.  However, if Petitioner were to seek and be granted a stay, the Court would dismiss the unexhausted claims and condition the stay on Petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust.  "If . . . a dismissal [of a mixed habeas petition] would almost certainly imperil the timeliness of Petitioner's re-filing in federal court after exhaustion, the Second Circuit noted that a stay would be the only appropriate course." *McCalla v. Greiner*, 378 F. Supp. 2d 262, 268 (W.D.N.Y. 2005) (citing *Zarvela*, 253 at 380-81).

---

[1]     The United States Supreme Court has determined, in *Duncan v. Walker*, 533 U.S. 167 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of the tolling provision of  28 U.S.C. § 2244(d)(2).  Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition.  Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c), will be applicable to Petitioner's request to amend the petition to include the dismissed unexhausted claims in the petition again when they are exhausted. *See* Zarvela, 253 F.3d at 383.

**Fourth**, if Petitioner has unexhausted claims which Petitioner may no longer exhaust because of procedural bars, Petitioner should provide the Court with the detailed information requested in the attached § 2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim. If Petitioner chooses this option, and if the Court finds the cause and prejudice legally sufficient, the claim will be deemed exhausted and the petition determined on the merits. **Petitioner is cautioned, however, that if he chooses this option and the cause and prejudice is not found legally sufficient, the Court may dismiss the petition and all the grounds therein with prejudice, thereby foreclosing Petitioner from raising the grounds in a second or successive petition.** *See* 28 U.SC § 2244(b). If Petitioner chooses this option, the information must be set forth on the attached Petitioner's § 2254 Exhaustion Response Form and filed with the Clerk of the Court by **October 6, 2016.**

**Failure to comply with one of the four above options by October 6, 2016 will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.** Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition. Moreover, regardless of the option

chosen, the Court must still evaluate the petition or amended petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

Petitioner has also moved for the appointment of counsel. Because Petitioner's claims are not going forward unless jurisdiction under 28 U.S.C. § 2254 is established, his request is denied as premature.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court is directed to send Petitioner the § 2254 Exhaustion Response Form, together with a copy of his original petitions and a form for filing a § 2254 petition for his use should he decide to file an amended petition withdrawing the unexhausted claims.

FURTHER, that Petitioner's motion for appointment of counsel is denied without prejudice.

SO ORDERED.

ELIZABETHA. WOLFORD
United States District Judge

Dated: September 8, 2016
       Rochester, New York

-8-